**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

HELEN REBEKAH GARBER,

                    Plaintiff,

                                                              1:26-CV-408
        v.                                                    (AJB/DJS)

ULSTER COUNTY, *including its*
*agencies*, *et al.*,

                    Defendants.

**APPEARANCES:**

HELEN REBEKAH GARBER
Plaintiff, *Pro Se*
Port Ewen, New York 12466

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER[1]

The Clerk of the Court has sent to the undersigned for review a Motion for Leave

to Proceed *In Forma Pauperis* (the "Motion") filed by *pro se* Plaintiff.  Dkt. No. 2.[2]  For

the reasons explained below, the Court recommends that the Motion be **DENIED**.

---

[1] "A decision to deny or revoke IFP status [ ] is generally regarded as dispositive and thus falls outside [a magistrate judge's] purview." *Carro v. Gaul*, 2025 WL 3963357, at *2 n.4 (N.D.N.Y. Oct. 27, 2025) (alterations in original) (quotations and internal quotation marks omitted) (citing, *inter alia*, *Kiobel v. Millson*, 592 F.3d 78, 92 (2d Cir. 2010)), *report and recommendation adopted*, 2025 WL 3521300 (N.D.N.Y. Dec. 8, 2025).

[2] Citations to the Motion are to page numbers provided by the Court's CM/ECF system.

A court may authorize a litigant to proceed *in forma pauperis* ("IFP") if it determines that she is unable to pay the filing fee. 28 U.S.C. § 1915(a)(1). "The decision of whether to grant an application to proceed IFP rests within the sound discretion of the court." *Virola v. Gonyo*, 2024 WL 5361071, at *1 (N.D.N.Y. Dec. 2, 2024) (citation omitted), *report and recommendation adopted*, 2025 WL 317243 (N.D.N.Y. Jan. 28, 2025).[3]

> As a standard for determining eligibility for IFP status, section 1915(a)(1) does not set financial guideposts; instead, the statute merely provides that IFP status may be granted when the court is satisfied "that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). To make this threshold showing a plaintiff must demonstrate "that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute." *Fiebelkorn v. U. S.*, 77 Fed. Cl. at 62 (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339, 69 S. Ct. 85 (1948)). Put another way, section 1915(a)(1) does not require a showing of absolute destitution to qualify for IFP status. *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000). As the Second Circuit has noted, "[n]o party must be made to choose between abandoning a potential meritorious claim or foregoing the necessities of life." *Potnick v. Eastern State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (citing *Adkins*, 335 U.S. at 339, 69 S. Ct. at 89).

*Id.* (quotation omitted).

Here, based upon the information provided in Plaintiff's Motion, this Court determines that Plaintiff has the ability to pre-pay the entire $405.00 filing fee required to maintain this action. In particular, Plaintiff's Motion reflects gross pay or wages in the amount of $5,442.30 bi-weekly, Dkt. No. 2 at pp. 1 & 4-5, which equates to approximately

---

[3] Copies of unreported cases from Westlaw are attached to this opinion for Plaintiff's reference.

$141,499.80 in gross pay or wages annually. The application indicates that Plaintiff has $1,789.48 in cash or in a checking or savings account, and an "[e]mergency fund" containing $11,757.94. *Id.* at p. 2. The application also reflects that Plaintiffs owns an automobile. *Id.* While the application lists considerable monthly expenses, as well as significant debts or financial obligations, the Court finds that Plaintiff's income level is such that she does not meet the requirements in order to proceed IFP. *See*, *e.g.*, *Zavala v. Cornell Univ.*, 2011 WL 13353099, at *2 (N.D.N.Y. Dec. 13, 2011) (denying IFP application that stated that plaintiff "earn[ed] $1,196 bi-monthly, which amount[ed] to approximately $28,704 per year," had $428 in cash or in checking or savings accounts, and owned a home valued at $20,000, and "identifie[d] a spouse who [wa]s entirely dependent upon him for economic support, as well as a daughter and granddaughter whom he provide[d] $375 per month for economic support"); *Eliacin v. Cnty. of Broome, New York*, 2009 WL 10721277, at *2 (N.D.N.Y. June 11, 2009) (denying IFP application that indicated that plaintiff earned approximately $22,000 per year and denied that plaintiff had any cash, checking or savings accounts, or valuable property).

The Court recommends that the District Court dismiss Plaintiff's Complaint if she does not submit the filing fee, or submit additional information indicating that she is unable to pay such fee, within thirty (30) days of the filing date of this Report-Recommendation and Order.

**CONCLUSION**

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. No. 2) be **DENIED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[4] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: April 10, 2026
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[4] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).