UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HELEN REBEKAH GARBER,

         Plaintiff,

                  1:26-CV-408
    v.               (AJB/DJS)

ULSTER COUNTY, *including its*
*agencies*, *et al.*,

         Defendants.

_____

**DANIEL J. STEWART**
**United States Magistrate Judge**

**<u>DECISION and ORDER</u>**

Plaintiff has filed a Motion for Appointment of Counsel. Dkt. No. 12. "A party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted). Courts cannot utilize a bright-line test in determining whether counsel should be appointed. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. As a threshold matter, the court should ascertain whether the party's claims seem likely to be of substance. A motion for appointment of counsel may be properly denied if the court concludes that the plaintiff's "chances of success are highly dubious."

- 1 -

*Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d at 69.  If the court finds that the claims have substance, the court should then consider:

> [the party's] ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the [party's] ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz,* 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)).  This is not to say that all, or indeed any, of these factors are controlling in a particular case.  Rather, each case must be decided on its own facts.  *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge v. Police Officers*, 802 F.2d at 61).

In the present matter, the case is at a very early stage.  Indeed, only allegations have been made at this point; no evidence has yet been submitted relating to Plaintiff's claims.  At this time, Plaintiff has not met the threshold requirement of demonstrating that her claims seem likely to be of substance.  *See Brown v. Utica Police Dep't*, 2017 WL 5514518, at *5 (N.D.N.Y. Nov. 16, 2017) ("Where there are merely unsupported allegations, the moving party does not meet the first requirement imposed by the Second Circuit for appointment of pro bono counsel.") (citation omitted)).

The request for the appointment of counsel is denied.

Plaintiff also filed two motions seeking alternative service on Defendant Harp. Dkt. Nos. 15 & 35. A waiver of service has now been executed by counsel for Defendant Harp, Dkt. No. 47, and so these motions are moot.

## CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's Motions (Dkt. Nos. 12, 15, & 35) are **DENIED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

Dated: July 7, 2026
     Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

- 3 -